# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA CONSUELO WILKES,<br><br>  Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Operations of Social Security,<br><br>  Defendant. | Case No. CV 17-08112-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Donna Consuelo Wilkes ("Plaintiff") challenges the Commissioner's denial of her application for a period of disability and disability insurance benefits ("DIB"). For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED.

## II. PROCEEDINGS BELOW

On November 28, 2012, Plaintiff filed a Title II application for DIB alleging disability beginning April 15, 2011. (Administrative Record ("AR") 92, 102.) Her application was denied initially on July 22, 2013, and upon reconsideration on October 28, 2013. (AR 117, 124.) On February 5, 2014, Plaintiff filed a written

request for hearing, and a hearing was held on April 26, 2016. (AR 36, 132.) Represented by counsel, Plaintiff appeared and testified, along with an impartial medical expert and an impartial vocational expert. (AR 38-75.) On August 3, 2016, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[1] since January 11, 2012. (AR 29.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1.) Plaintiff filed this action on November 7, 2017. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had engaged in substantial gainful activity since October 20, 2014, and thus the ALJ addressed Plaintiff's requested closed period of disability, from January 11, 2012 through October 1, 2014. (AR 22.) At **step two**, the ALJ found that Plaintiff had the following severe impairments: attention deficit hyperactivity disorder; posttraumatic stress disorder; anxiety disorder; and a history of substance abuse. (AR 23.) At **step three**, the ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.*)

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: no work involving more than simple, routine work or more than occasional contact with coworkers and the general public.

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

(AR 24.) At **step four**, based on Plaintiff's RFC and the vocational expert's testimony, the ALJ found that Plaintiff was unable to perform any past relevant work. (AR 28.) At step five, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.*) Accordingly, the ALJ determined that Plaintiff has not been under a disability from the AOD through the date of decision. (AR 29.)

### III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's

conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff raises the following issues for review: (1) whether the ALJ properly weighed and considered the medical opinions and medical evidence; (2) whether the ALJ properly assessed Plaintiff's credibility; and (3) whether the ALJ included all relevant limitations in hypotheticals posed to the vocational expert. (*See* Joint Stipulation ("JS") 3.) For the reasons below, the Court agrees with Plaintiff regarding the assessment of her testimony and remands on that ground.

### A. The ALJ Failed To Properly Evaluate Plaintiff's Subjective Testimony

The ALJ stated that, when determining Plaintiff's RFC, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," including opinion evidence. (AR 24.) The ALJ then recited the relevant and familiar two-step analysis that an ALJ undertakes in assessing a claimant's testimony regarding subjective pain or the intensity of symptoms: (1) the ALJ must determine whether there is an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged; and (2) if so, the ALJ must "evaluate the intensity, persistence, and limiting effects of [Plaintiff's] symptoms to determine the extent to which they limit [Plaintiff's] functioning." (*Id.*; *see* AR 26-27.) *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (in assessing the credibility of a claimant's symptom testimony, "[f]irst, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other

symptoms alleged"; if so, and if the ALJ does not find evidence of malingering, the ALJ must provide "specific, clear and convincing reasons for rejecting a claimant's testimony regarding the severity of the claimant's symptoms").

After reciting this two-step analysis, the ALJ summarized some of Plaintiff's symptom testimony. (AR 24-25.) The ALJ also summarized the objective medical evidence and medical opinions. (AR 25-28.) Then, "[a]fter careful consideration of the evidence," the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (AR 27.) However, this determination is little more than a recitation of the ALJ's duty to consider Plaintiff's subjective symptom testimony. *See* SSR 16-3p, 2016 WL 1119029, at *2 (S.S.A. Mar. 16, 2016) ("In determining whether an individual is disabled, we consider all of the individual's symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record."); *see also id.* at *9 ("In evaluating an individual's symptoms, it is not sufficient for our adjudicators to make a single, conclusory statement that 'the individual's statements about his or her symptoms have been considered' or that 'the statements about the individual's symptoms are (or are not) supported or consistent.'").

The ALJ made no specific findings, nor did she connect the medical evidence to any of Plaintiff's symptoms or testimony. The ALJ must explain which symptoms are inconsistent with the evidence of record and must explain how her evaluation of the symptoms led to that conclusion. *See id.*, 2016 WL 1119029, at *8; *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) ("[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."). The determination must

contain specific reasons for the weight given to the individual's symptoms and must clearly articulate how the ALJ evaluated the claimant's symptoms. SSR 16-3p, 2016 WL 1119029, at *9; *see Lester*, 81 F.3d at 834 ("General findings are insufficient.").

Accordingly, the Court concludes that the ALJ did not give clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's subjective symptom testimony. Remand is therefore warranted on this issue.

### B. The Court Declines To Address Plaintiff's Remaining Arguments

Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

### C. Remand For Further Administrative Proceedings

Because further administrative review could remedy the ALJ's errors, remand for further administrative proceedings, rather than an award of benefits, is warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* (citations omitted). Even if all three requirements are met, the Court

retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (citation omitted).

Here, remand for further administrative proceedings is appropriate. The Court finds that the ALJ failed to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's subjective testimony. On remand, the ALJ shall reassess Plaintiff's subjective allegations. The ALJ shall then reassess Plaintiff's RFC and proceed through step four and step five, if necessary, to determine what work, if any, Plaintiff is capable of performing.

## V. **CONCLUSION**

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: August 3, 2018

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**